**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT DOUGLAS MEADOR,**

        **Plaintiff,**

**v.**                             **Case No.: 5:18-cv-00837**

**NANCY A. BERRYHILL,
Acting Commissioner of the Social
Security Administration,**

        **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

       This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The case is assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and this action be removed from the docket of the Court.

**I.**    **Procedural History**

       On August 27, 2014, Plaintiff protectively filed an application for DIB, alleging a disability onset date of June 27, 2014. (Tr. at 12). The Social Security Administration

denied Plaintiff's application initially and upon reconsideration. Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). By written decision dated February 16, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. at 12-25). The ALJ's determination became the final decision of the Commissioner on February 27, 2018 when the Appeals Council denied Plaintiff's request for review of the decision. (Tr. at 1-3).

Plaintiff filed the instant action on May 2, 2018, along with an Application to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 1, 2), which the undersigned granted on May 4, 2018. (ECF No. 5). Defendant was served with process and filed her answer and a transcript of the administrative proceedings on September 5, 2018. (ECF Nos. 7, 8). On March 25, 2019, the undersigned issued a Show Cause Order, advising Plaintiff, through counsel, that his Brief in Support of Judgment on the Pleadings, as required by L. R. Civ. P. 9.4(a), was now five months past due. (ECF No. 9). Plaintiff was notified that he had thirty days to show good cause for retention of the case on the docket. If such a showing was not made, the undersigned would recommend that the complaint be dismissed pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. (*Id.*). Plaintiff was instructed to file his Brief in Support of Judgment on the Pleadings, with the showing of good cause, if he wished to pursue this action. (*Id.*). Plaintiff was served with a copy of the Order by providing same to his counsel of record. More than thirty days have expired since the Order was entered and served on Plaintiff's counsel, yet Plaintiff has failed to comply with its directive.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case upon the motion of a defendant if the plaintiff fails to prosecute an action or comply with a court order. Local Rule of Civil Procedure 41.1, recognizing that the Court has its own interest

2

in keeping its calendar clear of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1963), likewise authorizes the presiding judicial officer to dismiss a civil action when it appears "that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution." L. R. Civ. P. 41.1. In deciding whether to dismiss a case for failure to prosecute, the Court must consider "(1) the degree to which [Plaintiff] is personally responsible for this delay; (2) the amount of prejudice this delay has caused the Commissioner; (3) whether [Plaintiff] has a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) whether there are sanctions less drastic than dismissal with prejudice." *Robertson v. Social Security Administration,* Case No. 4:13-cv-00065, 2014 WL 4567785, at *3 (W.D. Va. Sept. 12, 2014)( quoting *Herbert v. Saffell,* 887 F.2d 267, 270 (4th Cir. 1989)). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); *see also Morgan v. Colvin,* Case No. 3:13-cv-00397-MR-DLH, 2014 WL 695284, at *2 (W.D.N.C. Feb. 24, 2014) (collecting cases).

In the instant case, Plaintiff is wholly responsible for the delay in moving his case forward. Plaintiff was granted leave to proceed without prepaying the filing fee, a summons was issued, and process was served. Although the Commissioner filed an answer and the transcript of the administrative proceedings, Plaintiff has taken no additional steps to prosecute the matter. Plaintiff is represented by counsel, who is an experienced social security litigator and is quite familiar with this Court's procedures. Nonetheless, even after receiving a court order alerting counsel to the lateness of her

client's brief and providing her with an additional thirty days in which to correct the deficiency, no action has been taken to prosecute Plaintiff's complaint. Counsel's failure to respond to the order demonstrates a deliberate intent to abandon the case. Given that the Commissioner's decision became final more than fourteen months ago, and Plaintiff's complaint has been pending for nearly a year, the delay is prejudicial to the Commissioner, who has been unable to respond to Plaintiff's outstanding claim in the absence of any articulated challenges to the ALJ's findings.

Finally, no less drastic sanction than dismissal is feasible, as neither Plaintiff, nor his counsel, has made any contact with the Court, or provided any indication of Plaintiff's desire to pursue this litigation. Plaintiff likely cannot afford to pay monetary sanctions given his inability to pay the filing fee, and no other sanctions seem relevant to the circumstance. The undersigned notes that this is not the first time Plaintiff's counsel has had a civil action seeking review of a social security decision dismissed for failure to prosecute. *See Porter v. Colvin,* Case No. 2:13-22177, 2014 WL 2481907 (S.D.W. Va. Jun. 3, 2014). Accordingly, dismissal, **without prejudice**, is warranted. Moreover, "courts in this Circuit routinely dismiss cases under similar circumstances." *Morgan,* 2014 WL 695284, at *3 (collecting cases); *Dudley v. Colvin,* Case No. 4:12-cv-174, 2013 WL 3242377 (E.D. Va. Jun. 24, 2013).

## II.   <u>Recommendations for Disposition</u>

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's complaint, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and remove this action from the docket of the Court.

**Plaintiff is hereby notified** that this "Proposed Findings and Recommendations" is now **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to Plaintiff and to counsel of record.

**FILED**: April 29, 2019

Cheryl A. Eifert
United States Magistrate Judge